UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>ARREN</small> H<small>URD</small>,

                Plaintiff,

v.

C<small>OMMISSIONER OF</small> S<small>OCIAL</small> S<small>ECURITY</small>,

                Defendant.

_____/

Case No. 10-14925
Senior United States
District Judge Arthur J. Tarnow

Magistrate Judge Charles E. Binder

**ORDER REJECTING MAGISTRATE JUDGE'S REPORT & RECOMMENDATION [18], SUSTAINING PLAINTIFF'S OBJECTION [18], GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11], DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16], AND REMANDING THE CASE TO THE ALJ**

Before the Court is Plaintiff's Objection [19] to the Magistrate Judge's Report and Recommendation [18] recommending that the Plaintiff's Motion for Summary Judgment [11] be denied and that Defendant's Motion for Summary Judgment [16] be granted. The Government filed a Response [20] to Plaintiff's Objection [19].

This Social Security case arises out of a claim for disability insurance benefits by Plaintiff, Darren Hurd, who suffered from, *inter alia*, multiple injuries including a right distal tibia fracture. The Administrative Law Judge (ALJ) found that despite impairments resulting from his condition, Plaintiff retains the residual functional capacity to perform a limited range of light work activity. The Appeals Council denied review of the ALJ's decision, and Plaintiff filed this civil action for judicial review of the denial of benefits on December 11, 2010. The parties filed cross-motions for summary judgment.

On September 14, 2011, the Magistrate Judge issued a Report and Recommendation (R&R) [18] in this matter. The R&R recommends that Plaintiff's motion for summary judgment be denied and that Defendant's motion for summary judgment be granted.

Plaintiff filed an Objection [19] to the Magistrate Judge's R&R. Plaintiff raises two objections: 1) that the ALJ's decision was not supported by substantial evidence and 2) that the ALJ committed legal error by failing to provide reasons for the weight given to the treating source's opinion. The Court agrees that the ALJ committed legal error by failing to provide reasons for the weight given to the treating source's opinion. The Court expresses no opinion as to Plaintiff's first objection. The R&R is, therefore, rejected and the case is remanded to the ALJ for further proceedings consistent with this opinion.

## ANALYSIS

The parties and the Magistrate Judge agree on the controlling law as to Plaintiff's second objection–the requirement at the ALJ provide good reasons for the given weight to a treating source's opinion.

> [A] medical opinion of an examining source is entitled to more weight than a non-examining source and a treating physician's opinion is entitled to more weight than a consultative physician who only examined the claimant one time. 20 C.F.R. § 404.1527(d)(1)-(2). *See also Rogers*, 486 F.3d at 242 (stating that the "treating physician rule," which provides that "greater deference is usually given to the opinions of treating physicians than those of non-treating physicians," is a key governing standard in social security cases).
>
> . . .
>
> "Claimants are entitled to receive good reasons for the weight accorded to their treating sources independent of their substantive right to receive disability benefits." *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). Therefore, a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's opinion and the reasons for that weight." S.S.R. 96-2p, 1996 WL 374188, at *5 (1996). *See also Rogers*, 486 F.3d at 242. "[A] failure to follow the procedure requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinion denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers*, 486 F.3d at 243.

R&R, at 10-12.

Plaintiff's treating source in this case is Dr. Birk.  Here, the ALJ devotes one short paragraph to the opinion of Dr. Birk.  The paragraph includes a summary of Dr. Birk's findings and the ALJ's opinion of Dr. Birk's findings.

> On May 26, 2009, Dr. Allan Birk, D.O., prepared a physical assessment report, which indicated that Claimant was entirely limited in every assessed category, including: lifting/carrying, standing/walking, use of hands, use of feet, postural activities, environmental limitations, and all daily activities except personal hygiene. The report assessed Claimant's only remaining functional ability to be sitting for no more than 15 minutes in an 8 hour workday (Exhibit 5F).  Dr. Birks opinion is given the least weight because the findings are inconsistent with the evidence as a whole, including Claimant's own testimony, which indicated that he had a much greater physical capacity than found in Dr. Birk's May 26 report.  Dr. Birk's findings are also undermined by his own earlier findings of August 23, 2007, which found that Claimant retained the physical capacity to sit frequently, stand and/or walk sometimes, and lift up to 10 pounds (Exhibit 6F, p.10).  Furthermore, the objective medical evidence does not support the finding that Claimant's condition has drastically worsened since the June 2007 assessment of Dr. Daniels.

ALJ Decision, at 5.

Only the last three sentences of this paragraph have to do with the ALJ's determination of how much weight should be given to Dr. Birk's report and the reasons for the weight given. These three sentences are conclusory statements that are insufficient to support the ALJ's findings and determination of the weight given to Dr. Birk's report.

First, the ALJ stated that Dr. Birk's report was inconsistent with the evidence as a whole and with Claimant's testimony.  The ALJ, however, provides no citations to the record or to Claimant's testimony that support this conclusion.  After a review of the transcript, the Court is unable to identify which part of claimant's testimony the ALJ found inconsistent.  The ALJ provides no examples of the "evidence as a whole" with which such testimony or Dr. Birk's report is inconsistent either.

The ALJ states that Dr. Birk's findings are undermined by his August 23, 2007 report, and the ALJ states that the objective medical evidence does not support the finding that Claimant's condition has drastically worsened since the June 2007 assessment of Dr. Daniels. Again, the ALJ provides conclusions only. The ALJ did not provide specific reasons or analysis of how his conclusion was reached.

The ALJ's failure to give specific reasons and explain precisely how those reasons affected the weight accorded the opinions is a legal error requiring reversal. *See Rogers*, 486 F.3d at 242-43. Plaintiff is entitled to receive good reasons for the weight accorded to his treating source.

## CONCLUSION

Based on the foregoing analysis, the Court hereby rejects the Report and Recommendation [18]. Therefore,

IT IS ORDERED that Plaintiff's Objection [19] is SUSTAINED and Plaintiff's Motion for Summary Judgment [11] is GRANTED IN PART and REMANDED for further proceedings consistent with this opinion. The Court expresses no opinion as to the other issues raised in Plaintiff's motion.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [16] is DENIED.

SO ORDERED.

                                                s/Arthur J. Tarnow
                                                ARTHUR J. TARNOW
                                                SENIOR U.S. DISTRICT JUDGE

Dated: November 30, 2011