UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARREN HURD,

    *Plaintiff*,　　　　　　　　　　CASE NO. 10-CV-14925

v.　　　　　　　　　　　　　　　DISTRICT JUDGE ARTHUR J. TARNOW
　　　　　　　　　　　　　　　　MAGISTRATE JUDGE CHARLES BINDER
COMMISSIONER OF
SOCIAL SECURITY,

    *Defendant*.
_____/


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR ATTORNEY FEES
UNDER EQUAL ACCESS TO JUSTICE ACT U.S.C. § 2412(d)**
(Doc. 23)


**I.　RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act be **DENIED**.


**II.　REPORT**

    **A.　Introduction**

Pursuant to an order of reference from United States District Judge Arthur J. Tarnow under 28 U.S.C. § 636(b)(1)(B),[1] pending is Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Defendant Commissioner responded in opposition to this motion. (Doc. 25.)

---

[1] A magistrate judge may not hear and determine a post-judgment motion for fees under 28 U.S.C. § 636(b)(1)(A) because it is not a "pretrial matter" and it is considered "dispositive of a claim." Therefore, I must proceed by report and recommendation under 28 U.S.C. § 636(b)(1)(B). *See Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

Attorney Joshua L. Moore has represented Plaintiff throughout the pendency of this case. On September 14, 2011, the undersigned filed a report and recommendation ("R&R") suggesting that substantial evidence supported the Commissioner's findings and that those findings should be affirmed. (Doc. 18.) Plaintiff filed objections (Doc. 19), and the Defendant Commissioner responded. (Doc. 20). On November 30, 2011, Judge Tarnow issued an Opinion and Order rejecting the R&R and remanding the case to the Administrative Law Judge ("ALJ") because the "ALJ's failure to give specific reasons and explain precisely how those reasons affected the weight accorded the opinions is a legal error requiring reversal." (Doc. 21 at 4.)

The instant motion was filed December 8, 2011. Plaintiff's counsel is seeking an award under the EAJA of $3,312.50 for his time spent on this case. Specifically, he states that he has incurred 26.5 hours of attorney time at the rate of $125.00 per hour.

**B.     Law and Analysis**

In order to recover fees and expenses under the EAJA, (1) the plaintiff must be a "prevailing party," (2) the position of the United States must not have been "substantially justified," (3) no special circumstances must make an award of fees unjust, and (4) plaintiff must submit a timely fee application. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990).

At the threshold, I conclude that Plaintiff is a "prevailing party." *See Shalala v. Schaefer*, 509 U.S. 292, 301-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993).

I next address whether Plaintiff's request for attorney fees was timely made. Section 2412 of the EAJA provides that a "party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses. . . ." 28 U.S.C. § 2412(d)(1)(B). In this circuit, the time for filing begins to run only when the

underlying judgment has become final; i.e., 60 days after judgment was entered, providing that no notice of appeal or other motion under Rules 59 or 60 of the Federal Rules of Civil Procedure has been filed in the meantime. *Gidcumb v. Sec'y of Health & Human Servs.*, 650 F. Supp. 96 (W.D. Ky. 1986); *Najor v. Sec'y of Health & Human Servs.*, 675 F. Supp. 379 (E.D. Mich. 1987). As the filing date of Plaintiff's motion falls within these deadlines, I suggest it is timely.

The EAJA "departs from the general rule that each party to a lawsuit pays his or her own legal fees" by authorizing the payment of fees to a prevailing party in an action against the United States. *Scarborough v. Principi*, 541 U.S. 401, 404-05, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004). However, a litigant may not recover attorney fees from the United States if the government's position was substantially justified. The statute reads in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The government bears the burden of demonstrating substantial justification. *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir. 1999). The government's "position" comprehends both its underlying action and its litigation position. 28 U.S.C. §§ 2412(d)(1)(A), (d)(2)(D). *See also Delta Eng'g v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). The government's failure to win its suit raises no presumption that its position was not substantially justified. *United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991).

The Supreme Court has taken great pains to define "substantial justification." In *Pierce v. Underwood,* 487 U.S. 552, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988), the Court rejected the demanding interpretation "justified to a high degree," and approved formulations such as

"[existence of] a genuine dispute," "if reasonable people could differ as to [the appropriateness of the contested action]," "justified to a degree that could satisfy a reasonable person," and "reasonable basis both in law and fact." *Id.* at 565. The Court specifically rejected as nonauthoritative legislative history a suggestion that "the test must be more than mere reasonableness." *Id.* at 566 (quoting H.R. Rep. No. 99-120, at 9 (1985), *reprinted in* 1985 U.S.C.C.A.N. 132, 138).

Under these standards, the failure of the government to entirely prevail in this case does not in and of itself constitute a lack of substantial justification for its position. *See United States v. Yoffe*, 775 F.2d 447 (1st Cir. 1985). Indeed, "congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . .'" *Scarborough*, 541 U.S. at 415 (quoting *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003)). Nor does the finding by a district court that the position of the Commissioner in denying benefits was not supported by substantial evidence automatically require the court to conclude that the Commissioner's position was not "substantially justified" for the purposes of attorney fee awards under the EAJA. *See Hull v. Bowen*, 748 F. Supp. 514 (N.D. Ohio 1990).

In determining a prevailing claimant's entitlement to EAJA fees, the clarity of existing law is an important factor in determining whether the position of the Commissioner was substantially justified. *Spruil v. Bowen*, 691 F. Supp. 302 (M.D. Fla. 1988). On the other hand, where the evidence is equivocal or highly disputed, the Commissioner's position is more likely to be substantially justified within the meaning of the EAJA. *Gowen v. Bowen*, 855 F.2d 613 (8th Cir. 1988); *Andrews v. Bowen*, 848 F.2d 98 (7th Cir. 1988). The failure of the Commissioner to follow the requirements of applicable regulations renders the Commissioner's position not substantially

justified and entitles Plaintiff's counsel to an EAJA attorney fee award. *Hudson v. Sec'y of Health & Human Servs.*, 839 F.2d 1453 (11th Cir. 1988). Similarly, the failure of the Commissioner to follow clearly established circuit court precedent renders the Commissioner's position not substantially justified. *Fraction v. Bowen*, 859 F.2d 574 (8th Cir. 1988).

In its motion for summary judgment, Plaintiff emphasized a physical capacities assessment (Tr. 178-183) completed by Dr. Birk on May 26, 2009, which, when compared with another assessment completed by the doctor (Tr. 193) on August 23, 2007, indicated a significant deterioration in Plaintiff's condition, particularly as it relates to his upper extremities. In its motion for summary judgment, the Defendant Commissioner argued that the ALJ correctly declined to give Dr. Birk's most recent assessment controlling weight, as objective medical evidence failed to corroborate the doctor's findings, noting that these assessments were only handwritten notations on forms, with no indication of the physical exam results that inspired the notations. In its response, the Defendant Commissioner argues that while this contention failed to carry the day, it is nonetheless "substantially justified" within the meaning of the EAJA.

At the threshold, I suggest that none of these arguments implicate any areas of equivocal or unsettled law. All parties rest their arguments upon settled principles underlying the concept of "substantial evidence" review in social security benefits cases. Turning to the substance of the Commissioner's argument, review of the administrative record fails to indicate any specific mention by the doctor of specific upper extremity symptoms in his office records between the time of the two assessments. (*See* Tr. 184-191.) Nor does the record indicate that the doctor performed examinations of Plaintiff's upper extremities. I therefore suggest that the Defendant Commissioner's argument rests upon a reasonable basis in law, and is justified to a degree that would satisfy a reasonable person familiar with the record and the controlling precedent in this

5

circuit. As a result, I suggest that counsel for Plaintiff's request for an award of EAJA fees should be denied.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

                                      s/ *Charles E Binder*
                                      CHARLES E. BINDER
Dated: January 30, 2012                 United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, and electronically served on Joshua Moore and Andrew Lievense.

Date:  January 30, 2012              By     s/*Jean L. Broucek*
                                                    Case Manager to Magistrate Judge Binder