# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DARREN HURD,

       Plaintiff,                        Case No. 10-14925
                                              Senior United States
v.                                                District Judge Arthur J. Tarnow

COMMISSIONER OF SOCIAL SECURITY,        Magistrate Judge Charles Binder

       Defendant.
_____/

## ORDER REJECTING MAGISTRATE JUDGE'S REPORT & RECOMMENDATION [26] AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES [23]

Before the Court is Plaintiff's Motion for Attorney Fees [23]. On January 30, 2012, Magistrate Judge Binder issued a Report and Recommendation (R&R) [26] recommending that the Plaintiff's motion be DENIED. Plaintiff filed an Objection [27]. The Government filed a Response [28]. For the reasons stated below, the Court rejects the R&R.

**BACKGROUND**

This Social Security case arises out of a claim for disability insurance benefits by Plaintiff, Darren Hurd, who suffers from, *inter alia*, multiple injuries including a right distal tibia fracture. The Administrative Law Judge (ALJ) found that despite impairments resulting from his condition, Plaintiff retains the residual functional capacity to perform a limited range of light work activity. The Appeals Council denied review of the ALJ's decision, and Plaintiff filed a civil action in this Court for judicial review of the denial of benefits on December 11, 2010. The parties filed cross-motions for summary judgment.

On September 14, 2011, Magistrate Judge Binder filed a R&R [18] on the matter, recommending that Plaintiff's motion for summary judgment be denied and that Defendant's motion

for summary judgment be granted.  On November 30, 2011, this Court issued an Order Rejecting the R&R, Granting in Part Plaintiff's Motion for Summary Judgment, and Denying Defendant's Motion for Summary Judgment [21].  The Court found that the ALJ committed legal error by failing to provide reasons for the weight given to the treating source's opinion and remanded the case to the ALJ.

On December 8, 2011, Plaintiff filed a Motion for Attorney Fees [23], specifically requesting $3,312.50.  On January 30, 2012, Magistrate Judge Binder filed a R&R [26] on the matter, recommending that Plaintiff's motion for attorney fees be denied.

Plaintiff filed an Objection [27] to the R&R and Defendant filed a Response [28].  In pertinent part, Plaintiff's objection states that the Magistrate Judge was mistaken in finding that the Defendant was substantially justified because the ALJ's reasoning was mistaken in fact and law. This Court agrees that the ALJ's reasoning was mistaken in law and awards attorney fees for the Plaintiff for the reasons below.

**STANDARD OF REVIEW**

Objections to a Magistrate Judge's R&R are reviewed *de novo*.  28 U.S.C. § 636(b)(1); *Flournoy v. Marshall*, 842 F.2d 875, 875-76 (6th Cir. 1998) (holding that the standard of review for magistrate judges' report and recommendations is *de novo* review); *Fharmacy Records v. Nassar*, No. 10-1354, slip op. at 5-6 (6th Cir. 2012) (holding that the district court's *de novo* review of a magistrate judge's report and recommendation on a motion for attorney fees was correct).

**ANALYSIS**

Eligibility for an award of attorney fees in a civil action requires: (1) that Plaintiff's application for attorney fees be timely and include an itemized statement; (2) that Plaintiff be a

prevailing party in the matter; (3) that the Defendant's position was not substantially justified, and (4) that no special circumstances make an award of attorney fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *Comm'r, Immigration and Naturalization Serv., et al. v. Jean*, 496 U.S. 154, 158 (1990). This Court agrees with the Magistrate Judge that Plaintiff's application was timely and that Plaintiff is a prevailing party in the matter. However, this Court agrees with the Plaintiff's objection and finds that the government's position was not substantially justified for the reasons below. Finally, Defendant has not asserted any special circumstances that would make an award of attorney fees unjust.

### I. Defendant's Position was not Substantially Justified

The Defendant has the burden of showing that its position was "justified to a degree that would satisfy a reasonable person" or, in other words, that its position had a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565; *see also Scarborough v. Principi*, 541 U.S. 401, 414 (2004) (holding that "the burden of establishing that the position of the United States was substantially justified . . . must be shouldered by the government"). While this means the Defendant must be more than just undeserving of sanctions for frivolousness, the Defendant is not necessarily unjustified merely because it lost its case. *Pierce*, 487 U.S. at 566; *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).

Furthermore, Defendant's position includes both the underlying agency action and the Defendant's litigation position. 28 U.S.C. § 2412(d)(2)(D); *Delta Eng'g v. United States*, No. 93-2076, 1994 WL 668058, at *260, *262 (6th Cir. 1994). Thus, the ALJ's decision is considered part of the Defendant's "pre-litigation conduct." *Noble v. Barnhart*, No. 06-5531, 2007 WL 1217956, at *517, *519 (6th Cir. 2007).

Although, as the Magistrate Judge and the Defendant argue, the Defendant's position may have a reasonable basis in fact, these factual contentions are irrelevant because the Defendant's position was not reasonable in law and its position must be reasonable in law and in fact to be substantially justified. *Pierce*, 487 U.S. at 565.

As the Magistrate Judge notes, a Defendant's position is not substantially justified if the ALJ fails to follow established law and "clear congressional guidance." *Ralston v. Astrue*, No. 09-cv-14790, 2012 WL 479831, at *1 (E.D. Mich. Feb. 14, 2012), *adopting*, 2011 WL 7299836, at *4 (E.D. Mich. Aug. 30, 2011); s*ee Reese v. Sullivan*, 925 F.2d 1395, 1397-98 (11th Cir. 1991); *Washington v. Heckler*, 756 F.2d 959, 962 (3rd Cir. 1985); *Fraction v. Bowen*, 859 F.2d 574, 575 (8th Cir. 1988). As noted by this Court, all parties involved agree on the applicable law at issue regarding the weight given to a treating source's opinion. Order [21], at 2. However, the ALJ failed to follow this established law and precedent when he did not give specific reasons for the weight given to Dr. Birk's report, as required by 20 C.F.R. § 404.1527, because "it is an elemental principle of administrative law that agencies are bound to follow their own regulations." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004). Thus, a failure to follow the law cannot be justified to a degree that would satisfy a reasonable person.

The Defendant correctly points out that there may be factual issues which would render the Defendant substantially justified in defending the ALJ's decision to give little weight to Dr. Birk's opinion. Specifically, the Defendant points out that Dr. Birk's assessments were handwritten and failed to discuss any upper extremity examinations. Further, the Defendant notes that there may be a question of whether Dr. Birk should even be considered a treating physician pursuant to 20 C.F.R. § 416.902. R&R [26], at 5-6; Def.'s Resp. [28], at 4-6. However, as the Court has already determined that the Defendant's position did not have a reasonable basis in law,

4

it is unnecessary for the Court to consider whether the Defendant's position has a reasonable basis in fact.[1] *See Reese*, 925 F.2d at 1397-98 (finding that the ALJ's failure to consider certain congressionally determined factors before discrediting subjective complaints of pain rendered the government's position unjustified, regardless of factual evidence in its favor); *Fraction*, 859 F.2d at 575 (finding that the Defendant's position was not substantially justified because of a legal error, despite the fact that the factual evidence in the record was conflicting).

## II. No Special Circumstances Make an Award of Attorney Fees Unjust

While 28 U.S.C. § 2412(d)(1)(A) allows for an exception to an award of attorney fees when special circumstances would make the award unjust, Defendant has not alleged any such circumstances. *See Morscott, Inc. v. Cleveland*, 936 F.2d at 271, 272-73 (6th Cir. 1991) (quoting *Herrington v. Cnty. of Sonoma*, 883 F.2d 739, 744 (9th Cir. 1989)) ("The defendant has the burden of showing special circumstances warrant a denial of fees, and the defendant's showing must be a strong one."). Furthermore, "special circumstances should not easily be found" and it is not apparent from the record that there are any special circumstances present. *Cleveland v. Ibrahim*, No. 03-3997, 2005 WL 180976, at *88, *90 (6th Cir. 2005).

**CONCLUSION**

Based on the foregoing analysis, the Court hereby rejects the Report and Recommendation [26].

---

[1] The Defendant also argues that its position is substantially justified because the ALJ did provide satisfactory explanations for the weight given to Dr. Birk's opinion. Def.'s Resp. [28], at 5. As this Court already addressed this issue and found that the ALJ's conclusory explanations were insufficient, the Defendant's argument is without merit. Order [21], at 3-4.

Accordingly,

**IT IS ORDERED** that Plaintiff's Objection [27] is **SUSTAINED** and Plaintiff's Motion for Attorney Fees [23] is **GRANTED**.

**SO ORDERED**.

                                                  s/Arthur J. Tarnow
                                                  ARTHUR J. TARNOW
                                                  SENIOR UNITED STATES
                                                  DISTRICT JUDGE

Dated: July 30, 2012

---

### CERTIFICATE OF SERVICE

      I hereby certify on July 30, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 30, 2012: **None.**

                                                  s/Michael E. Lang
                                                  Deputy Clerk to
                                                  District Judge Arthur J. Tarnow
                                                  (313) 234-5182